J-S62024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDUARDO CINTRON | |
| Appellant | No. 429 MDA 2017 |

Appeal from the PCRA Order February 7, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003433-1997
CP-06-CR-0003434-1997
CP-06-CR-0003435-1997
CP-06-CR-0003437-1997
CP-06-CR-0003438-1997
CP-06-CR-0003439-1997
CP-06-CR-0003638-1997
CP-06-CR-0004433-1997
CP-06-CR-0004434-1997
CP-06-CR-0004436-1997

BEFORE:  STABILE, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED DECEMBER 12, 2017**

Eduardo Cintron appeals from the February 7, 2017 order entered in the Berks County Court of Common Pleas dismissing without a hearing his third petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On August 27, 1998, a jury convicted Cintron of a number of criminal offenses stemming from 10 criminal dockets.  That same day, the trial court sentenced Cintron to an aggregate term of 70 to 140 years' incarceration.  On January 22, 1999, Cintron filed a post-sentence motion to modify sentence and a motion to file an appeal *nunc pro tunc*.[1]  Cintron did not file an appeal.

On August 4, 1999, Cintron filed a PCRA petition.  The PCRA court appointed counsel, who, on December 15, 1999, filed a **Turner**/**Finley**[2] "no merit" letter and motion to withdraw as counsel.  On March 1, 2000, the PCRA court filed a notice of intent to dismiss the petition without a hearing under Pennsylvania Rule of Criminal Procedure 1507[3] and granted counsel's petition to withdraw.  On September 8, 2000, the PCRA court dismissed the petition. Cintron appealed to this Court, and on October 17, 2001, we affirmed the dismissal.

On February 8, 2012, Cintron filed a second PCRA petition.  On March 1, 2012, the PCRA court issued a notice of intent to dismiss the petition without a hearing under Pennsylvania Rule of Criminal Procedure 907.  On March 22, 2012, the PCRA court dismissed the petition.  On April 9, 2012,

_____

[1] The record does not disclose the disposition of these motions.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] On March 1, 2000, Rule 1507 was renumbered Rule 907 and amended, effective April 1, 2001.

Cintron timely appealed to this Court. On August 17, 2012, this Court dismissed the appeal because Cintron failed to file a brief.

On August 15, 2016, Cintron filed the instant PCRA petition, his third. Cintron supplemented this petition on September 26, 2016. On December 15, 2016, the PCRA court ordered the Commonwealth to respond to the petition. On January 9, 2017, the Commonwealth filed its response. On January 17, 2017, the PCRA court issued a notice of intent to dismiss the petition without a hearing under Rule 907. On February 6, 2017, Cintron filed a response to the PCRA court's notice. On February 7, 2017, the PCRA court dismissed the petition. On March 6, 2017, Cintron timely appealed to this Court.

Cintron raises three issues on appeal:

1. Was [Cintron] denied a constitutional right of appeal where counsel failed to honor [Cintron's] request for an appeal, and did counsel have an obligation?

2. Did the trial court fail to give an on the record determination concerning counsel[']s abandonment of [Cintron] for the purpose of his appeal, and did the court fail to provide a hearing to make such determinations?

3. Did the trial court abuse [its] discretion by failing to properly consider [Cintron's] nunc-pro-tunc request for relief, and where [Cintron] informed the judge by lengthy letter prior to, the court having failed to make this determination?

Cintron's Br. at 3 (full capitalization omitted).

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v.***

***Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011).  We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record."  ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087, 1090 (Pa.Super. 2015).

We must first address whether Cintron timely filed the PCRA petition. ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015).  A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1).  A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).

Cintron's judgment of sentence became final on September 28, 1998, when his time to seek review in this Court expired.[4]  He had one year from that date, or until September 28, 1999, to file a timely PCRA petition. Therefore, his current petition, filed on August 15, 2016, is facially untimely.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

---

[4] Cintron had 30 days from his judgment of sentence to file a notice of appeal with this Court.  **See** Pa.R.A.P. 903(a).  Because the thirtieth day, September 27, 1998, was a Sunday, Cintron had until the next business day, September 28, 1998, to file his notice of appeal.  **See** 1 Pa.C.S. § 1908.

- 4 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); **see Brown**, 111 A.3d at 175-76. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In his petition and his September 26, 2016 supplement, Cintron claimed that he met the newly-discovered-facts exception under section 9545(b)(1)(ii) or, alternatively, that a new constitutional right applied retroactively to his case under section 9545(b)(1)(iii).

Cintron's petition does not meet the newly-discovered-facts exception under section 9545(b)(1)(ii). In his supplement, he merely "aver[red] . . . after discovered fact[] or evidence," without disclosing those newly-discovered facts or evidence. Supp. PCRA Pet., 9/26/16, at 4. Because Cintron neither pled nor proved that he met this exception, his petition remains untimely. **See Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017) ("Exception [(b)(1)(ii)] requires the petitioner to allege and prove that

there were 'facts' that were 'unknown to him' and that he could not have ascertained *those facts* by the exercise of 'due diligence.'") (emphasis in original) (quoting **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008)).

Similarly, Cintron's petition does not meet the new-constitutional-right exception under section 9545(b)(1)(iii). Cintron asserts that in two recent cases, the United States Supreme Court recognized new constitutional rights that apply retroactively on collateral review in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and **Foster v. Chatman**, 136 S.Ct. 1737 (2016).[5]

With respect to his illegal sentencing claim under **Alleyne**, our Supreme Court has held "that **Alleyne** does not apply retroactively to cases pending on collateral review." **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). Additionally, **Foster** did not recognize a new constitutional right and, even if it had, neither the United States Supreme Court nor the Pennsylvania Supreme Court has concluded that **Foster**'s holding applies retroactively on

---

[5] In **Alleyne**, the United States Supreme Court held that, under the Sixth Amendment, "any fact that increases [a] mandatory minimum [sentence] is an 'element' that must be submitted to the jury." **Alleyne**, 133 S.Ct. at 2155. In **Foster**, the United States Supreme Court reversed the judgment of the Georgia Supreme Court, concluding that (1) the "[Georgia] *habeas* [*corpus*] court's application of *res judicata* to Foster's **Batson** [**v. Kentucky**, 476 U.S. 79 (1986)] claim . . . pose[d] no impediment to [the United States Supreme Court's] review of Foster's **Batson** claim," 136 S.Ct. at 1746-47, and (2) the State's peremptory strike of two black prospective jurors based on race violated Foster's constitutional rights under **Batson**, *id.* at 1754.

collateral review. Because Cintron failed to prove that a new constitutional right applies retroactively on collateral review, his petition remains untimely.

Cintron's petition and supplement failed to prove any of the exceptions to the PCRA time bar. Accordingly, because Cintron's petition was untimely, the PCRA court correctly dismissed it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017